LOUISE FREDERICK WIFE OF/AND STEVEN FREDERICK

VERSUS

ST. CHARLES SURGICAL HOSPITAL, LLC, ET AL

NO. 24-C-464

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

October 25, 2024

Linda Wiseman
First Deputy Clerk

IN RE ALEXIS WAGUESPACK, M.D.

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 807-181

Panel composed of Judges Jude G. Gravois, John J. Molaison, Jr., and Timothy S. Marcel

**WRIT GRANTED**

In the medical malpractice lawsuit, the relator, Alexis Waguespack, M.D., seeks a review of the trial court's grant of the plaintiffs/respondents' motion to compel her to appear for a second deposition. For the following reasons, we grant this writ application, reverse the judgment granting the motion to compel, and deny the motion to compel.

**PROCEDURAL HISTORY**

On March 16, 2017, the plaintiffs, Louise Frederick and Steven Frederick, filed a Medical Review Panel Complaint against Alexis Waguespack, M.D., and other healthcare providers, alleging they committed medical malpractice in the spine surgery performed on Steven Frederick on April 6, 2016. On January 25, 2019, the plaintiffs took the deposition of Dr. Waguespack. On March 2, 2020, the Medical Review Panel issued its expert opinion, finding that, after a review of the

24-C-464

medical records and operative notes, there was no deviation from the standard of care by Dr. Waguespack. On June 9, 2020, the plaintiffs filed a petition for damages in the 24th Judicial District Court against Dr. Waguespack and others, alleging medical malpractice in the April 6, 2016 surgery.

On July 23, 2024, the plaintiffs filed a motion to compel the deposition of Dr. Waguespack to "discuss multiple developments post medical review panel" that include the affirmative defenses raised in Dr. Waguespack's answer, "expert opinions," "relationships to trial witnesses," "licensure lapses," false testimony after the January 2019 deposition, and cases involving the administration of the medication at issue in this case. Dr. Waguespack opposed the motion to compel, stating her previous deposition in the medical review panel proceeding entitles her to a protective order, and the plaintiffs have not identified any question that she has failed to answer. The plaintiffs filed a reply to the opposition elaborating that the dispute in this matter is whether Dr. Waguespack administered a local anesthetic, Bupivacaine, to Mr. Frederick. Following the hearing on the motion to compel, the trial court issued a judgment granting the plaintiffs' motion to compel the deposition of Dr. Waguespack. This timely writ application followed.

## LAW AND DISCUSSION

A trial court has broad discretion when ruling on pre-trial discovery matters, and its ruling will not be disturbed absent a clear showing of abuse of discretion. Hodges v. State Farm Bureau Cas. Ins. Co., 433 So.2d 125, 129 (La. 1983). It follows that a trial court's ruling regarding whether to allow a second deposition of a deponent is subject to the same abuse of discretion standard. Guillory v. Bofinger's Tree Service, 06-0086 (La. App. 1 Cir. 11/3/06), 950 So.2d 682, 686-87. An abuse of discretion generally results from a conclusion reached capriciously or arbitrarily, which means there is no rational basis for the action.

Boone Servs., LLC v. Clark Homes, Inc., 23-0299 (La. App. 1 Cir. 10/18/23), 377 So.3d 304, 311.

In this writ application, Dr. Waguespack argues that the trial court abused its discretion in granting the motion to compel because the plaintiffs seek to question Dr. Waguespack regarding alleged, unrelated incidents that occurred after Dr. Waguespack's treatment of Mr. Frederick. Dr. Waguespack contends that these incidents have no bearing on the disputed fact over whether Dr. Waguespack administered Bupivacaine to Mr. Frederick during the back surgery.

The documents submitted in this writ application indicate that the plaintiffs have hired two experts who have opined that Dr. Waguespack injured Mr. Frederick by administering Bupivacaine to Mr. Frederick during the surgery. In the 2019 deposition, Dr. Waguespack was questioned extensively regarding the administration of Bupivacaine to Mr. Frederick, and she repeatedly denied administering this medication. Several other healthcare providers, some named as defendants in this matter, were deposed, including the anesthesiologist, the surgical techs, and the circulating nurse. All of these witnesses denied seeing Dr. Waguespack administer Bupivacaine to Mr. Frederick. Allegedly, the hospital bill charged Mr. Frederick for 50 mg of Bupivacaine. A nurse employed by the hospital, Ms. Nicole Johnson, testified the hospital places anticipated medications potentially needed during surgery in the operating room for the surgery; the patient can be charged for this medication whether or not they administer the drug to the patient.

In the motion to compel, the plaintiffs contend that they are entitled to depose Dr. Waguespack for a second time regarding affirmative defenses raised by Dr. Waguespack. In the answer filed by Dr. Waguespack, she alleged that the cause of the plaintiffs' damages were pre-existing conditions, plaintiffs'

3

negligence, third parties' negligence, and that plaintiffs failed to mitigate their damages. According to the writ application, the court dismissed all other healthcare providers through summary judgment. In her 2019 deposition, the plaintiffs' questioned Dr. Waguespack about her opinion regarding the care rendered by other defendants. Dr. Waguespack testified that, in hindsight, it appeared that Mr. Frederick "had an oxygenation problem" and a hypoxic brain injury. Dr. Waguespack testified that she was not made aware that Mr. Frederick was hypoxic. Dr. Waguespack also answered interrogatories and requests to produce documents in November 2022. The plaintiffs do not identify which affirmative defense they seek to question Dr. Waguespack. Still, it is clear that in her January 2019 deposition, Dr. Waguespack answered the plaintiffs' questions regarding her opinion of the fault of others in their care of Mr. Frederick.

The plaintiffs claim they are entitled to take a second deposition of Dr. Waguespack because of expert opinions obtained after the January 2019 deposition. In their reply to the opposition to the motion to compel, the plaintiffs explain that the factual issue in this case is whether Dr. Waguespack administered Bupivacaine to Mr. Frederick. The plaintiffs were aware that the administration of Bupivacaine could cause the symptoms exhibited by Mr. Frederick at the time they deposed Dr. Waguespack in January 2019. Dr. Waguespack was questioned extensively regarding the side effects of Bupivacaine and symptoms exhibited by a patient given excess Bupivacaine. Dr. Waguespack repeatedly testified that she did not administer Bupivacaine to Mr. Frederick. The plaintiffs do not identify what they contend is "objective medical evidence" that Dr. Waguespack administered Bupivacaine to Mr. Frederick. In the deposition, Dr. Waguespack answered all questions regarding the administration and side effects of

4

Bupivacaine. Thus, the plaintiffs are not entitled to question Dr. Waguespack again regarding the administration of Bupivacaine.

The plaintiffs argue that Dr. Waguespack's "relationship to trial witnesses" entitles them to depose her a second time. The plaintiffs do not state which witnesses they are referring to. In addition, the plaintiffs had access to all of Mr. Frederick's medical records before the first deposition of Dr. Waguespack. Further, there is no trial date or witness list.

The plaintiffs argue they are entitled to take a second deposition of Dr. Waguespack because there was a lapse in Dr. Waguespack's certification by the American Board of Orthopedic Surgery. According to the documents submitted with this writ application, Dr. Waguespack's board certification lapsed in 2021, and recertification occurred in 2023. The plaintiffs have attached excerpts from a deposition of Dr. Waguespack in an unrelated matter, in which Dr. Waguespack stated that the COVID-19 pandemic delayed oral board examinations. Dr. Waguespack treated Mr. Frederick in 2016. The deposition of Dr. Waguespack occurred in January of 2019. Thus, any lapse in Dr. Waguespack's board certification in 2021 or beyond is not relevant as to whether Dr. Waguespack violated the standard of care in her treatment of Mr. Frederick in 2016.

The plaintiffs allege Dr. Waguespack provided false testimony after her 2019 deposition. According to the plaintiffs, this false testimony occurred in an unrelated matter in which Dr. Waguespack answered questions regarding an alleged incident in 2018 in which the airline discovered her laptop in an airplane bathroom. When passengers did not claim the computer in response to questioning by the flight crew, the pilots diverted the flight and landed to examine the laptop to determine if it presented a threat to the passengers. According to the plaintiffs, Dr. Waguespack admitted that she owned the computer after the airplane landed. The

documents submitted to support this allegation indicate that "IP Waguespack" was intoxicated and was not allowed to reboard the aircraft. Plaintiffs argue that they are entitled to depose Dr. Waguespack for a second time in this case because when questioned regarding this incident in an unrelated matter, she denied knowledge of it. This alleged incident is not relevant as to whether or not Dr. Waguespack violated the standard of care in her treatment of Mr. Frederick in 2016.

Plaintiffs further argue that during discovery in a second, unrelated matter, Dr. Waguespack denied that other malpractice claims had been asserted against her. She then admitted to approximately ten malpractice claims against her over the past twenty years. The plaintiffs contend that Dr. Waguespack has "mischaracterized the very nature of the Fredericks' allegations against her." In support of this contention, the plaintiffs point to Dr. Waguespack's deposition testimony in an unrelated matter in which she referred to a patient who had "postoperative airway issues during the perioperative anesthesia period." The plaintiffs argue that this referred to the instant case and contend that Fredericks' malpractice case is based on Bupivacaine toxicity. The plaintiffs argue that they should be able to question Dr. Waguespack regarding her description of the allegations in the Fredericks' lawsuit as made when obtaining her recertification. As stated above, Dr. Waguespack admitted that her board certification lapsed in 2021, after her treatment of Mr. Frederick and her deposition. The responses by members of the medical review panel in this matter indicate that there are conditions other than alleged Bupivacaine toxicity that could have caused the symptoms exhibited by Mr. Frederick.

La. C.C.P. art. 1469 governs motions to compel. Concerning the oral deposition of a party-person, it provides that "if a deponent fails to answer a question propounded or submitted under Articles 1437 . . . the discovering party

may move for an order compelling an answer. If the court denies the motion in whole or in part, it may make such protective orders as it would have been empowered to make on motion made pursuant to Article 1426." La. C.C.P. art. 1469(2). La. C.C.P. art. 1426 permits a court to issue an order that discovery not be had for good cause shown upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent.

In this case, Dr. Waguespack is entitled to a protective order, as provided in article 1426, regarding the plaintiffs' request to depose her a second time because she has already been deposed in this matter and has answered all questions posed to her. The additional topics that the plaintiffs claim entitle them to a second deposition of Dr. Waguespack are so irrelevant to the issues of this case that they are not discoverable and not reasonably calculated to lead to the discovery of admissible evidence.

The plaintiffs strenuously argue that they took the January 2019 deposition during the medical review panel proceeding and are entitled to a second unrestricted deposition of Dr. Waguespack in preparation for trial. The notice of deposition propounded by the plaintiffs to Dr. Waguespack for the January 25, 2019 deposition states that "the undersigned will take the oral testimony of Dr. Waguespack pursuant to the Louisiana Code of Civil Procedure for all purposes, including perpetuation." The first page of Dr. Waguespack's deposition states that the deposition was taken "under the Louisiana Code of Civil Procedure, Article 14212, et seq., for all purposes, in accordance with law." While there may be some instances in which a plaintiff may conduct a second deposition of a defendant doctor in a medical malpractice case, given the specific facts and circumstances

7

presented in this writ application, the trial court abused its discretion in granting the plaintiffs' motion to compel.

## CONCLUSION

After a thorough review of the writ application, the opposition to the writ application, and applicable law, we grant this application and reverse the trial court's grant of the plaintiffs' motion to compel the deposition of Dr. Waguespack. We deny the plaintiffs' motion to compel the second deposition of Dr. Waguespack.

Gretna, Louisiana, this 25th day of October, 2024.

**JJM**
**JGG**
**TSM**

8

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **10/25/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-464**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)
Mark E. Kaufman (Relator)
Melissa M. Lessell (Respondent)

Bryan J. Knight (Relator)
T. Carey Wicker, III (Respondent)
Michael S. Sepcich (Respondent)
Vincent E. Odom (Respondent)
Thomas C. Wicker, IV (Respondent)

### MAILED

Sean M. Casey (Respondent)
Attorney at Law
1 Sanctuary Bouelvard
Suite 202
Mandeville, LA 70471

Davida F. Packer (Respondent)
Attorney at Law
1100 Poydras Street
Suite 2950
New Orleans, LA 70163

Casey B. Wendling (Respondent)
Attorney at Law
755 Magazine Street
New Orleans, LA 70130

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

To Casey B. Wendling
Attorney at Law
755 Magazine Street
New Orleans, LA 70130
24-C-464                    10-25-24

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7016 2070 0000 0954 9114

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Casey B. Wendling
Attorney at Law
755 Magazine Street
New Orleans, LA 70130
24-C-464                    10-25-24

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2434 6249 3568 59

2. Article Number *(Transfer from service label)*
7016 2070 0000 0954 9114

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   Mail
   Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

To Davida F. Packer
Attorney at Law
1100 Poydras Street
Suite 2950
New Orleans, LA 70163
24-C-464                    10-25-24

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7016 2070 0000 0954 9107

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Davida F. Packer
Attorney at Law
1100 Poydras Street
Suite 2950
New Orleans, LA 70163
24-C-464                    10-25-24

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2434 6249 3568 42

2. Article Number *(Transfer from service label)*
7016 2070 0000 0954 9107

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   Mail
   Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Sean M. Casey
Attorney at Law
1 Sanctuary Bouelvard
Suite 202
Mandeville, LA 70471
24-C-464                    10-25-24

7016 2070 0000 0954 9091

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

Sean M. Casey
Attorney at Law
1 Sanctuary Bouelvard
Suite 202
Mandeville, LA 70471
24-C-464                    10-25-24

9590 9402 2434 6249 3568 35

**2. Article Number** *(Transfer from service label)*

7016 2070 0000 0954 9091

**COMPLETE THIS SECTION ON DELIVERY**

**A. Signature**

X                                    ☐ Agent
                                     ☐ Addressee

**B. Received by** *(Printed Name)*   **C. Date of Delivery**

**D. Is delivery address different from Item 1?** ☐ Yes
If YES, enter delivery address below:  ☐ No

**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt